{¶ 34} Although I concur with certain holdings in the majority opinion, I refrain from concurring with its entirety. Among other things, I would not choose to bypass appellee's most convincing arguments. For instance, there are additional contractual terms to consider besides the bare "Agent of Record" phrase. More specifically, the contract provides that McCamon-Hunt was only entitled to commissions if it "remains the Agent of Record for the group, as recognized by both the group and the Company" and "upon acceptance" of the application submitted on the broker's behalf. There was a reciprocal right to terminate the agreement without cause upon thirty days notice. McCamon-Hunt admitted that the County could have chosen from any of the eleven brokers listed on the bid provided by Medical Mutual. McCamon-Hunt also recognized that the final policy differed from the one with which it was involved.
 {¶ 35} Furthermore, appellant presents multiple arguments about the Commissioners abusing their discretion and acting contrary to law. However, the County is not a party, and its behavior cannot be attributed to Medical Mutual. McCamon-Hunt does not dispute that the County refused to name a broker in its final policy with Medical Mutual. Rather, McCamon-Hunt claims that the Commissioners' acts or omissions in doing so were violative of the Commissioners' legal and contractual duties to the public and to McCamon-Hunt. Yet, McCamon-Hunt fails to establish how such claims are actionable against Medical Mutual alone, who cannot be expected to defend against claims that another party engaged in acts or omissions that allegedly harmed a broker. It is my opinion that the absence of the Board of County Commissioners as a party is dispositive of many of the arguments posited by McCamon-Hunt.
 {¶ 36} For these reasons and certain additional reasons presented in the main opinion above, I agree that a genuine issue of material fact as to a breach of contract by *Page 10 
Medical Mutual has not been established. I thus concur in affirming the trial court's entry of summary judgment in favor of Medical Mutual. *Page 1